UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MUTUAL OF ENUMCLAW INSURANCE COMPANY,

        Plaintiff(s),

v.

LOUIS VIGNOLA,

        Defendant(s).

Case No. 2:16-CV-2080 JCM (CWH)

ORDER

Presently before the court is defendant Louis Vignola's motion to dismiss. (ECF No. 16).[1] Plaintiff Mutual of Enumclaw Insurance Company ("MOE") filed a response (ECF No. 24), to which defendant replied (ECF No. 27).[2]

. . .

. . .

---

[1] Defendant's motion to dismiss (ECF No. 16) is not in compliance with several local rules, including, but not limited to, LR IA 10-2, LR IC 2-2(a)(3)(A), and LR IC 2-2(b). Further, Pursuant to Local Rule IC 2-2(b), a separate document must be filed on the docket for each purpose. The court cannot consider plaintiff's request to stay pending state court proceedings unless it is filed separately, as a motion.

[2] Defendant improperly filed a supplement (ECF Nos. 28, 30) to his reply (ECF No. 27) without leave of the court in violation of LR 7-2(g). LR 7-2(g) ("Supplementation prohibited without leave of court."). Accordingly, the court hereby strikes defendant's supplement (ECF Nos. 28, 30). LR 7-2(g) ("The judge may strike supplemental filings made without leave of court.").

Further, defendant was notified, on January 30, 2017, that the reply (ECF No. 27) is not in compliance with LR IA 10-2 and was advised to correct the deficiencies and file a notice of corrected document. (*See* ECF No. 29). Defendant has failed to file a corrected reply. Defendant shall ensure that all future filings comply with the local and federal rules as future filings that fail to do so will be stricken. *See, e.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that district courts have inherent power to control their own dockets); *see also* LR IC 7-1 ("The court may strike documents that do not comply with these rules.").

**James C. Mahan**
**U.S. District Judge**

**I.     Facts**

This is an action for declaratory relief arising from a 2010 automobile accident in Nevada involving Charles Gilman, Jr. and Nancy Ouellet. Ms. Ouellet was pronounced dead at the scene. Mr. Gilman was insured under a policy with MOE, covering bodily injury limits up to $100,000.00 per claim with a $300,000.00 aggregate limit.

Ms. Ouellet's estate brought suit in the matter of *Vignola v. Gilman, et al.*, case number 2:10-cv-02099-RFB-GWF ("*Vignola*"). The case resulted in a verdict for the wrongful death plaintiffs. In particular, on April 27, 2015, the court in *Vignola* awarded damages as follows: (a) $1,037,513 for economic losses, (b) $8,033,333 for non-economic damages and (c) $25,900 for property damages, all totaling $9,096,746.00.

On August 12, 2016. Mr. Gilman entered into an assignment of rights and forbearance agreement, under which Mr. Gilman assigned to defendant Vignola all rights, privileges, claims, causes, or actions that Mr. Gilman may have against MOE.

On August 22, 2016, Vignola filed a 20-day notice of claim under the Washington Insurance Fair Conduct Act ("IFCA") with the office of the insurance commissioner for the state of Washington. The complaint raised five claims for relief under Washington law arising from MOE's handling of the estate's claim against Mr. Gilman in *Vignola*: (1) breach of contract; (2) bad faith; (3) IFCA violations; (4) violations of Washington's Consumer Protection Act; and (5) negligence (the "Washington action"). (ECF No. 16 at 9–10).

On September 1, 2016, MOE filed the underlying complaint for declaratory relief. (ECF No. 1). MOE seeks a declaration that its obligation to indemnify Gilman is subject to policy limits of $100,000.00. (ECF No. 1).

On September 12, 2016, Vignola filed suit (the Washington action) against MOE in Washington state court. (ECF No. 16 at 10).

**II.    Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

"Under the Declaratory Judgment Act, a district court may 'declare the rights and other legal relations of any interested party seeking such declaration.'" *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1107 (9th Cir. 2011) (quoting 28 U.S.C. § 2201(a); *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998) (*en banc*)). The Declaratory Judgment Act provides that "courts may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Thus, a district court is under no compulsion to exercise its jurisdiction. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (holding that under the Declaratory Judgment Act, district courts have discretion to decline to exercise jurisdiction over an action for declaratory relief "even when the suit otherwise satisfies subject matter jurisdictional prerequisites").

The Ninth Circuit set forth a non-exhaustive list of three factors, based on the *Brillhart* factors, that a court should principally consider: (1) whether the exercise of jurisdiction would require the "needless determination of state law issues;" (2) whether the exercise of jurisdiction would encourage forum shopping; and (3) the general preference to "avoid duplicative litigation." *Huth v. Hartford Ins. Co. of the West*, 298 F.3d 800, 803 (9th Cir. 2002) (citations omitted); *Rimini St., Inc. v. Hartford Fire Ins. Co.*, No. 215CV2292JCMCWH, 2016 WL 3192709, at *2 (D. Nev. June 6, 2016). Although courts may also consider a number of other factors, the three *Brillhart* factors are the philosophic touchstone and serve as the basis for the court's decision. *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011).[3]

. . .

---

[3] In making such a determination, a district court is to consider a variety of factors, including whether retaining jurisdiction would:

> (1) involve the needless determination of state law issues; (2) encourage the filing of declaratory actions as a means of forum shopping; (3) risk duplicative litigation; (4) resolve all aspects of the controversy in a single proceeding; (5) serve a useful purpose in clarifying the legal relations at issue; (6) permit one party to obtain an unjust *res judicata* advantage; (7) risk entangling federal and state court systems; or (8) jeopardize the convenience of the parties.

*Herron*, 634 F.3d at 1107.

**(1) Determination of State Law Issues**

The first factor weighs against this court's exercise of jurisdiction. "A needless determination of state law may involve: (1) an ongoing parallel state court proceeding regarding the precise state law issue, (2) an area of law Congress expressly left to the states, or (3) a lawsuit with no compelling federal interest." *Rimini St., Inc.*, 2016 WL 3192709, at *5 (quotation omitted).

The Washington action is an ongoing parallel state court proceeding regarding substantially similar issues under Washington state law. In fact, MOE acknowledges that the Washington action is duplicative of the instant action. (ECF No. 24 at 25).

Moreover, insurance law, the underlying basis for the declaratory judgment claim, is an area of law that was expressly left to the states in the McCarran-Ferguson Act. *Continental Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371–72 (9th Cir. 1991).

Further, the instant action does not involve a compelling federal interest. Specifically, the instant action does not consider a federal question. Rather, the court has jurisdiction based on diversity jurisdiction.

In light of the foregoing, the first factor weighs against the court's exercise of jurisdiction. Furthermore, exercising jurisdiction in the instant action would require the court to decide basic issues of Washington state law. In fact, MOE acknowledges that interpretation of the underlying insurance police will involve application of Washington law. (ECF No. 24 at 17).

**(2) Discouraging Forum Shopping**

This factor is neutral. MOE asserts that it filed the instant action in this court because the *Vignola* action was litigated in the District of Nevada. Vignola asserts that he filed the parallel state court action in Washington state court because Mr. Gilman was a resident of Washington and the claims asserted arise under Washington state law.

**(3) Avoiding Duplicative Litigation**

The third factor weighs against the court's exercise of jurisdiction. "If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Dizol*, 133 F.3d at 1225 (citing *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir.1991)).

While MOE filed this action before Vignola filed the Washington action, Vignola initiated the Washington action first by sending the notice to the insurance commissioner. In fact, MOE acknowledges knowing about the potential bad faith claims since 2011. (ECF No. 24 at 18). Therefore, declining jurisdiction over the instant action will avoid duplicative litigation.

Based on the foregoing, the court finds that factors (1) and (3) of the *Brillhart* factors weigh against the court's exercise of jurisdiction over the instant action for declaratory relief. Thus, the court declines to exercise jurisdiction over the instant action for declaratory relief and will grant Vignola's motion to dismiss.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 16) be, and the same hereby is, GRANTED.

DATED May 25, 2017.

_____
UNITED STATES DISTRICT JUDGE